IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANDREW GUDZELAK, :
:
       Plaintiff, :
:
v. : Civ. No. 11-350-LPS
:
JAN R. JURDEN, et al., :
:
       Defendants. :

Andrew Gudzelak, Wilmington, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 30, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Andrew Gudzelak ("Plaintiff") filed this action on April 20, 2011, alleging constitutional violations pursuant to 42 U.S.C. § 1983 and supplemental State law claims. Presently before the Court is Defendants' Motion to Dismiss and Plaintiff's opposition thereto. (D.I. 4, 5, 6, 7) For the reasons that follow, the Court will grant Defendant's Motion.

## II. BACKGROUND

Plaintiff was arrested on February 26, 2004. He appeared in State court on September 14, 2005, and was offered a plea agreement by defendant Donald Roberts ("Roberts"), a former deputy Attorney General. Plaintiff was sentenced on November 18, 2005. He filed a Superior Court Rule 61 Motion for Postconviction Relief on July 21, 2006, which was denied by Defendant Judge Jurden ("Judge Jurden") on September 22, 2006. Plaintiff filed a renewed Rule 61 Motion on January 2, 2009, which was denied on April 21, 2009. Plaintiff appealed. On September 1, 2009, the Supreme Court of the State of Delaware affirmed the lower court's decision. *See Gudzelak v. State*, 979 A.2d 1110 (Del. 2009) (table).

Plaintiff was also arrested on July 26, 2004, allegedly at the "behest" of Defendant A.G. Showalter ("Showalter"), for an incident that, apparently, involved Plaintiff's son. Plaintiff's son informed Showalter on April 11, 2006 that he did not want to prosecute, but Showalter disregarded the son's wishes and continued with the prosecution. Plaintiff alleges that the stress resulted in his son's suicide and his wife's cardiac arrest, causing her death.

Plaintiff asks the Court to schedule this matter for briefing due to the "various anomalies" to his case. Defendants' move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

1

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported

2

conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Statute of Limitations

Defendants argue that the constitutional violations alleged by Plaintiff are time-barred. They note that the only factual allegations occurring within two years prior to the filing of the Complaint relate to the Delaware Supreme Court's 2009 decision.[1] Plaintiff opposes dismissal, arguing that he could not file the instant lawsuit until he had exhausted all State remedies.

The exhaustion of administrative remedies requirement under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, is inapplicable to this case. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff was not an incarcerated individual at the time that he filed his Complaint. Hence, he was not required to exhaust administrative remedies prior to filing his § 1983 claims.

---

[1]Defendants mistakenly indicate that the Delaware Supreme Court ruled in May 2009. As discussed above, it was in September 2009 that the Supreme Court affirmed the Superior Court's dismissal of the Rule 61 Motion.

3

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when a plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Johnson*, 925 F. Supp. at 248. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

Plaintiff did not file his Complaint until April 20, 2011. Hence, all claims that accrued prior to April 20, 2009 are barred by the two- year limitations period. The only allegation that is not time-barred (i.e., the Delaware Supreme Court's September 2009 ruling) does not adequately allege a constitutional violation. Accordingly, the Court will grant Defendant's Motion to Dismiss as Plaintiff's claims are time-barred.

### B. <u>Judicial Immunity</u>

Defendants move for dismissal on the grounds that two of the defendants, Judge Jurden and Judge Herlihy, are immune from suit. Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *see also Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from suit, not merely immunity from an ultimate assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of

4

his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978).

Here, the allegations against Judge Jurden relate to her action as a judge. Notably, there are no allegations directed toward Judge Herlihy. Moreover, the Complaint does not set forth any facts alleging that Judges Jurden and Herlihy acted in the absence of jurisdiction. For these reasons, the Court will grant Defendants' Motion to Dismiss.

### C. **Prosecutorial Immunity**

Defendants move for dismissal on the grounds that Roberts and Showalter are immune from suit. The allegations raised against Roberts and Showalter relate to acts they took in the performance of their prosecutorial duties.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *See Odd*, 538 F.3d at 208 (citations omitted), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or making legal arguments. *See Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside of the courtroom receive the same protection if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (internal quotation marks omitted).

The fact that an individual is employed as a prosecutor, however, does not mean the prosecutor is immune from suit for every wrong committed. *See Schneyder*, 653 F.3d at 331.

5

The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" *Odd*, 538 F.3d at 208 (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). "The court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Id.* The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. *Id.* (citations omitted).

Here, Plaintiff alleges in a conclusory manner that Roberts somehow coerced him into entering into a plea agreement in open court even though Plaintiff was represented by counsel. Plaintiff's other allegation is that Showalter determined to prosecute Plaintiff, even though Plaintiff's son did not want to "prosecute his father." A prosecutor's decision whether to initiate a prosecution, however, is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (citing *Imbler*, 424 U.S. at 430-31).

Roberts and Showalter are immune from suit. The acts complained of occurred during judicial proceedings that required advocacy by them. Therefore, the Court will grant Defendants' Motion to Dismiss.

### D. Supplemental Jurisdiction

The Complaint refers to the suicide of Plaintiff's son and the death of his wife due to cardiac arrest. In Plaintiff's opposition to the Motion to Dismiss he states that his allegations raise wrongful death claims pursuant to Delaware law.

The Complaint fails to state a federal claim. Therefore, even assuming that Plaintiff has stated a claim for wrongful death, the Court will decline to exercise jurisdiction over Plaintiff's

6

supplemental State law wrongful death claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

V.  **CONCLUSION**

For the above reasons, the Court will grant Defendants' Motion to Dismiss. (D.I. 4) The Court will decline to exercise supplemental jurisdiction over the State claims.

An appropriate order will be entered.